09-3413-cr
United States v. Plaza-Andrades

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand ten.

PRESENT:  ROGER J. MINER,
              BARRINGTON D. PARKER,
              REENA RAGGI,
                  *Circuit Judges*.

-------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                *Appellee*,


        v.                            No. 09-3413-cr

IVAN PLAZA-ANDRADES,
                *Defendant-Appellant*,

JOSE PIZARRO, a.k.a. Juan Gonzalez,
                *Defendant*.[*]

-------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:    STEPHEN LANCE CIMINO, ESQ., Syracuse, New York.

APPEARING FOR APPELLEE:    WILLIAM C. BROWN, Attorney (Lanny A. Breuer, Assistant Attorney General, Greg D. Andres, Acting Deputy Assistant Attorney

---

[*] The Clerk of the Court is directed to amend the caption to read as shown above.

General, *on the brief*), United States Department of Justice, Criminal Division, Washington, D.C., *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 10, 2009, is AFFIRMED.

Ivan Plaza-Andrades was convicted, following a jury trial, of conspiracy to possess with intent to distribute and to distribute over five kilograms of cocaine, see 21 U.S.C. §§ 841(b)(1)(A)(ii), 846, and attempted possession with intent to distribute over 500 grams of cocaine, see id. §§ 841(b)(1)(B)(ii), 846. Sentenced principally to 121 months' imprisonment, Plaza-Andrades now challenges (1) the sufficiency of the trial evidence supporting his conviction on the conspiracy count,[1] and (2) the district court's denial of his motion for a new trial. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Sufficiency Challenge

Although we review the sufficiency of the evidence de novo, see United States v. Sabhnani, 599 F.3d 215, 241 (2d Cir. 2010), defendant "bears a heavy burden because a reviewing court must consider the evidence 'in the light most favorable to the prosecution' and uphold the conviction if 'any rational trier of fact could have found the essential elements

---

[1] Plaza-Andrades does not challenge his conviction on the attempt count.

2

of the crime beyond a reasonable doubt,'" United States v. Aguilar, 585 F.3d 652, 656 (2d Cir. 2009) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in Jackson)).

Plaza-Andrades does not dispute that the trial evidence established that, on eleven occasions from July to November 2007, he paid Jose Pizarro to receive Express Mail shipments of cocaine from Puerto Rico at various addresses in Syracuse, New York. He maintains, however, that this evidence was insufficient to convict him of the charged conspiracy because (a) his dealings with Pizarro fit within the buyer-seller exception for conspiracy, and (b) the jury could only speculate as to the drug quantity. We reject both arguments.

### a.    Buyer-Seller Exception

Although "[a] transfer of drugs from a seller to a buyer necessarily involves agreement, however brief, on the distribution of a controlled substance from the former to the latter," United States v. Hawkins, 547 F.3d 66, 71 (2d Cir. 2008) (internal quotation marks omitted), the law deems such an agreement insufficient by itself to support a conspiracy conviction, United States v. Parker, 554 F.3d 230, 234 (2d Cir. 2009). Plaza-Andrades attempts to fit himself within this "narrow" exception, id.,[2] by insisting that he simply purchased drugs from Pizarro. The trial evidence does not support this assertion.

---

[2] Plaza-Andrades's reliance on United States v. Hawkins, No. 3:05cr58, 2007 WL 1732767 (D. Conn. June 15, 2007), to support his expansive buyer-seller argument is misplaced in light of our reversal of that decision in United States v. Hawkins, 547 F.3d 66. See also United States v. Parker, 554 F.3d at 236 (discussing Hawkins in noting appellant's "fail[ure] to appreciate how limited is the application of the buyer-seller exception").

Pizarro testified that Plaza-Andrades recruited him to work as a drug runner, receiving and delivering packages of cocaine that were shipped from Puerto Rico to upstate New York under Plaza-Andrades's direction. Plaza-Andrades paid Pizarro $500 per shipment for his services as a drug runner, far less than the $20,000 to $30,000 value of each shipment. We assume, as we must, that the jury credited Pizarro's testimony detailing a distribution agreement between an employer and an employee rather than one between a buyer and a seller. See, e.g., United States v. Burden, 600 F.3d 204, 214 (2d Cir. 2010); United States v. Salmonese, 352 F.3d 608, 619 (2d Cir. 2003). Indeed, the documentary evidence corroborated this account by showing that Plaza-Andrades himself sent several packages to Puerto Rico, which the jury reasonably could have inferred contained payments to his actual cocaine supplier. Meanwhile, no evidence indicated that Pizarro ever dealt with cocaine sources in Puerto Rico, or played the role of an arms-length seller. Because the distribution agreement between Plaza-Andrades and Pizarro was that of an employer and an employee, not a buyer and seller, Plaza-Andrades cannot rely on the buyer-seller exception to challenge his conspiracy conviction. This part of the sufficiency challenge fails on the merits.[3]

---

[3] United States v. Carson, 702 F.2d 351 (2d Cir. 1983), on which Plaza-Andrades relies, does not compel a different conclusion. There, we identified sufficient circumstantial evidence to support a drug conspiracy conviction where defendant's "furtive street-corner activities" allowed the jury to infer drug transactions and the context of those activities permitted an inference that defendant was knowingly facilitating a heroin sale. See id. at 361-62. Plaza-Andrades asserts that no similar circumstantial evidence established his knowing joinder in the charged conspiracy, specifically, no evidence indicating that he received payments from Pizarro, accounted to Pizarro for drugs sold or money received, acknowledged acting on Pizarro's behalf, or received instructions from Pizarro. These omissions are irrelevant. Direct evidence, in the form of Pizarro's testimony, established that

4

Viewing the trial evidence in the light most favorable to the government, we therefore conclude that a reasonable jury could have found Plaza-Andrades guilty of conspiracy.

b. Drug Quantity

Plaza-Andrades does not dispute that the evidence established that Pizarro received cocaine shipments on eleven occasions. Nor does he dispute that the November 2, 2007 shipment that led to his arrest contained more than the 500 grams specified in 21 U.S.C. § 841(b)(1)(B)(ii). He asserts, however, that the trial evidence was insufficient to permit the jury to find beyond a reasonable doubt that the total quantity of cocaine involved in the eleven shipments exceeded the five kilograms specified in 21 U.S.C. § 841(b)(1)(A)(ii). We disagree. Pizarro testified that each of the eleven packages that he received for Plaza-Andrades weighed roughly the same as the seized package, except for one heavier package received in July. The seized package contained 1,244 grams, i.e., over one kilogram, of 79% pure cocaine. On sufficiency review, we must assume the jury credited Pizarro's testimony and drew all reasonable inferences in favor of the government. See, e.g., United States v. Heras, 609 F.3d 101, 103 (2d Cir. 2010). Applying this "deferential standard," United States v. Lombardozzi, 491 F.3d 61, 67 (2d Cir. 2007), we conclude that Pizarro's testimony about receiving eleven shipments of roughly the same weight of cocaine together with lab results showing that the one seized shipment weighed more than one kilogram sufficiently supports a finding of the necessary drug quantity, see United States v. Oluwanisola, 605 F.3d 124,

Pizarro worked for, took direction from, and accounted to Plaza-Andrades with respect to the charged cocaine shipments, not the other way around. This evidence sufficed to support the conspiracy conviction.

5

134-35 (2d Cir. 2010) (affirming conviction when evidence was sufficient to link defendant to "the drug quantity in question").

2. <u>Denial of Motion for New Trial</u>

We review the denial of a motion to grant a new trial under Fed. R. Crim. P. 33 for abuse of discretion. <u>See, e.g.</u>, <u>United States v. Bell</u>, 584 F.3d 478, 482-83 (2d Cir. 2009). "It is well established that trial courts must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses. It is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function . . . ." <u>Id.</u> at 483 (quoting <u>United States v. Sanchez</u>, 969 F.2d 1409, 1414 (2d Cir. 1992) (requiring showing of "manifest injustice")). For a district court to grant relief under Rule 33, "'[t]here must be a real concern that an innocent person may have been convicted.'" <u>United States v. Ferguson</u>, 246 F.3d 129, 134 (2d Cir. 2001) (quoting <u>United States v. Sanchez</u>, 969 F.2d at 1414). That is not this case. Because Plaza-Andrades's argument that a new trial was warranted simply restates his sufficiency challenge, which we have already rejected as meritless, we identify no abuse of discretion in the district court's decision that the manifest injustice standard was not met here.

We have considered Plaza-Andrades's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the August 10, 2009 judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6